Dear Auditor and Inspector Scott,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Under what circumstances may a school district expend moneyfrom the general fund for meals, refreshments, membership duesand other such expenses?
2. Under what circumstances may a school district obtain and usecredit cards, both those issued by a retail vendor, as well asthose issued by financial institutions?
¶ 1 Your questions seek a determination as to the authority of a school district to expend general fund monies. The Oklahoma Supreme Court has ruled that the powers of a school board are like those of a municipal corporation (see Joint Sch. Dist. No.132 v. Dabney, 260 P. 486, 488-90 (Okla. 1927)), and are limited to those granted by express words, "those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation." Bd. of Educ. v. Cloudman, 92 P.2d 837, 841
(Okla. 1939) (citation omitted). There are no constitutional provisions concerning public education that include express grants of power to school boards. See Okla. Const. art. XIII, §§ 1 — 8. Such grants of power have been delegated to the Legislature by virtue of Section 1 which provides that: "The Legislature shall establish and maintain a system of free public schools wherein all the children of the State may be educated."Id.
¶ 2 The powers expressly granted to school boards are set forth in the School Code, 70 O.S. 1991 Supp. 2000, §§ 1-101 — 26-101, particularly in Sections 5-105 and 5-117. Title 70 O.S.Supp. 2000, § 5-105[70-5-105] is an express grant of general powers and provides in pertinent part:
 Every school district shall be a body corporate and shall possess the usual powers of a corporation for public purposes. . . .
Id.
¶ 3 Section 5-117(A) enumerates the particular express powers granted to school boards which include:
 2. Make rules, . . . governing the board and the school system of the district;
 3. Maintain and operate a complete public school system . . .;
. . . .
 13. Incur all expenses, within the limitations provided for by law, necessary to perform all powers granted by the provisions of this section[.]
Id.
¶ 4 Neither the Oklahoma Constitution nor Sections 5-105 or 5-117 of Title 70 expressly empower a school board to expend general fund monies for meals, refreshments, membership dues or other such expenses for officials or employees at district-related activities. Likewise, nothing in the constitution or statutes expressly empowers school districts to expend monies from the general fund for meals and refreshments for non-employees for district-related activities. Having concluded that neither the Oklahoma Constitution nor statutes expressly empower school boards to make the type of expenditures described in questions one and two, we must next determine whether the power of a school board to expend monies in such fashion may be fairly implied or is necessarily incidental to any expressly granted power. Pursuant to Section 5-117(A)(13), school boards are authorized to incur all expenses within thelimitations set by law necessary to perform these powers.
¶ 5 An expenditure of public funds or a use of public property must comply with Article X, §§ 14, 15 and 17 of the Oklahoma Constitution. These provisions mandate that any expenditure of public funds or use of public property be in furtherance of a lawful public purpose and not a gift. Section 14(A) provides in pertinent part: "taxes shall be levied and collected by general laws, and for public purposes only." Id.
¶ 6 Article X, § 15(A) provides in pertinent part:
 [T]he credit of the State shall not be given . . . to any individual . . . nor shall the State become an owner or stockholder in, nor make donation[s] by gift . . . to any company, association, or corporation.
¶ 7 The Constitution places limitations on a school's ability to spend money. Both Sections 14 and 17 of Article X constrain a school's spending by embracing a "public purpose" requirement. Section 14(A) requires that public funds be expended for a public purpose. Section 17 of the Constitution provides:
 The Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association, or corporation, or to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association, or individual.
Id.
¶ 8 The constitutional provisions regarding public purpose and gifts are generally construed in conjunction with each other. A determination that an expenditure is for an authorized public purpose necessarily mandates a determination that the same is not a gift of public monies. Public funds can only be appropriated for a public purpose and must be used in furtherance of a governmental function as opposed to benefitting private individuals or groups. In Way v. Grand Lake Ass'n,635 P.2d 1010 (Okla. 1981) the Oklahoma Supreme Court analyzed the term "public purpose":
 [T]he term "public purposes" as used in section 14, Art. 10 is not to be construed in a narrow and restricted sense. . . . it is stated that the term "public purpose" as used in constitutional provisions that taxes shall be levied for public purposes only, is synonymous with "governmental purposes," and means a purpose affecting the inhabitants of the state or taxing district as a community, and not merely as individuals.
Id. at 1015 (citations omitted) (quoting Bd. of Comm'rs v.Shaw, 182 P.2d 507, 515 (Okla. 1947)).
¶ 9 A school district may incur expenses to perform the powers granted. 70 O.S. Supp. 2000, § 5-117[70-5-117](A)(13). In addition, a school district may make rules governing the Board and the school system. Id. § 5-117(A)(2). It cannot be said as a matter of law that school funds may not be spent on meals and refreshments for district-related activities. Whether any particular expenditure is appropriate and in compliance with the constitutional standard requires an analysis of facts and is beyond the scope of an Attorney General Opinion. See 74 O.S. Supp. 2000, §18b[74-18b](A)(5). This standard would also apply to a school district's expenditures for its membership in civic and professional organizations.
¶ 10 As to your final question, the School Code is silent as to use of credit cards. A school district is specifically authorized to expend monies to effectuate the purposes of the district and use of a credit card is merely a method by which monies can be expended. It should be remembered, however, that all expenditures, including those with credit cards, must meet the public purpose requirements of the Constitution. Further, a school must comply with the fiscal year limitations found in Okla. Const. art. X, § 26(a).
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. Any expenditure by a school district for meals, refreshments,membership dues or other such expenses must be for a lawful"public purpose" as required by Article X, §§ 14, 15 and 17 ofthe Oklahoma Constitution. Whether any particular expenditure isfor a valid public purpose is a question of fact and notappropriate for an Attorney General Opinion. 74 O.S. Supp.2000, § 18b(A)(5).
2. A school district is authorized to expend monies toeffectuate the purposes of the district and is not prohibited,when making such expenditures, from using credit cards as amethod of payment. 70 O.S. Supp. 2000, § 5-117(A)(13).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL